10-5263-ag
Shrestha v. Holder

BIA
Bain, IJ
A089 222 757

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand twelve.

PRESENT:
            GUIDO CALABRESI,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                *Circuit Judges*.

_____

SITA SHRESTHA,
            *Petitioner*,

            v.                                    10-5263-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent*.

_____

FOR PETITIONER:        Ramesh K. Shrestha, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; William C. Peachey,
                       Assistant Director; Ada E. Bosque,
                       Senior Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sita Shrestha, a native and citizen of Nepal, seeks review of a November 30, 2010 decision of the BIA affirming the August 10, 2009 decision of an Immigration Judge ("IJ")denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sita Shrestha*, No. A089 222 757 (B.I.A. Nov. 30, 2010), *aff'g* No. A089 222 757 (Immig. Ct. N.Y. City Aug. 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Shrestha's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on

2

an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). This Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the vagueness and lack of material detail in Shrestha's testimony, and the lack of corroboration for her claim.

Shrestha was consistently vague about her political activities in Nepal, including what occurred after she won

3

the student union election, and what activities she engaged in as student union vice-president and Nepal Congress Party member. In addition, she failed to provide any detail as to what occurred on the day she alleges she was raped and her father murdered. In finding Shrestha not credible, the agency pointed to the vagueness and lack of detail in her testimony, and properly relied on the cumulative effect thereof to support its adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Shui Qiu*, 329 F.3d at 152. Moreover, despite Shrestha's contention to the contrary, the IJ did attempt to elicit additional details from her before finding her testimony fatally vague, and the government attorney repeatedly asked Shrestha questions attempting to clarify her testimony and elicit more detail. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122-23 (2d Cir. 2006); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005). Finally, as the agency noted, Shrestha did not provide sufficient evidence to corroborate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question").

Therefore, in this case, the totality of the circumstances support the agency's adverse credibility determination, and we will defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Furthermore, because the only evidence of a threat to Shrestha's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on Shrestha's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5